IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LOUISE H. RILEY, Individually and as )
   Personal Representative of the Estate )
   of James Lewis Turley, )
3238 13th Street, S.E., #102 )
Washington, D.C. 20032 )
                       )
        Plaintiff, )
                       )
v. )            Case No. _____
                       )
CONAGRA FOODS, )
One Central Park Plaza )
Omaha, NE 68012 )
                       )
        Defendant. )

## NOTICE OF REMOVAL

Defendant, ConAgra Foods, Inc. (improperly named in Plaintiff's Complaint as "ConAgra Foods"; hereinafter, "ConAgra"), by its attorneys and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby gives notice of its removal of this action from the Superior Court of the District of Columbia to the U.S. District Court for the District of Columbia. In support of its Notice of Removal, ConAgra states as follows:

1.      On or about April 14, 2008, Plaintiff, Louise Riley, filed her Complaint against ConAgra in the Superior Court for the District of Columbia. The case is styled *Louise H. Riley, Individually and as Personal Representative of the Estate of James Lewis Turley v. ConAgra Foods*, Case No. 08-0002895.

2.      ConAgra was first served with a copy of the state court complaint and summons on June 11, 2008. *See* Exhibit 1 (Notice of Service of Process). Thus, ConAgra's Notice of Removal is being filed with this Court within thirty (30) days of service of the Complaint, as required by 28 U.S.C. § 1446(b).

3.      All papers served in the Superior Court of the District of Columbia, including the Summons and Complaint, are attached hereto. *See* Exhibit 2.

4.      In accordance with 28 U.S.C. § 1446(d), ConAgra has given contemporaneous written notice of this Notice of Removal to all adverse parties and the Clerk of the Court for the Superior Court of the District of Columbia. *See* Exhibit 3 (Notice of Filing of Notice of Removal).

## DIVERSITY OF CITIZENSHIP

5.      Diversity jurisdiction exists under 28 U.S.C. § 1332 because Plaintiff and ConAgra are citizens of different states. Plaintiff is a citizen and resident of the District of Columbia. *See* Compl. ¶ 3. Plaintiff's decedent also was a resident and citizen of the District of Columbia. *Id.* ¶ 2. Plaintiff therefore is a citizen of the District of Columbia for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(2). ConAgra is a Delaware corporation with its corporate headquarters and principal place of business in the state of Nebraska. *See* Exhibit 4 (10Q Report). Thus, ConAgra is a citizen of Nebraska and Delaware for purposes of determining diversity jurisdiction. Diversity jurisdiction exists because ConAgra and Plaintiff are citizens of different states.

6.      Accordingly, complete diversity of citizenship existed between Plaintiff and ConAgra at the time Plaintiff's Complaint was filed, and complete diversity of citizenship exists at the time of removal.

7.      The Superior Court of the District of Columbia is located within the jurisdiction of the United States District Court for the District of Columbia. Thus, venue is proper because ConAgra is removing this case to the federal district court embracing the place where the state court action was filed, as required by 28 U.S.C. § 1441(a).

## AMOUNT IN CONTROVERSY

8.     According to her Complaint, Plaintiff is seeking a judgment against the Defendant for Five Million Dollars ($5,000,000) for economic and non-economic damages, as well as an unspecified amount of punitive damages. *See* Compl., ad damnum. The amount in controversy, therefore, exceeds the $75,000 jurisdictional threshold. *See* 28 U.S.C. 1332(a).

9.     In sum, removal is proper because there is complete diversity of citizenship between Plaintiff and Defendant and because Plaintiff is seeking damages in excess of the $75,000 jurisdictional threshold. *See* 28 U.S.C. §§ 1332 and 1441(b). This action is one over which the United States District Courts have original jurisdiction by reason of the diversity of citizenship of the parties. Furthermore, this Notice of Removal is timely as it is being filed fewer than thirty (30) days after ConAgra was served with Plaintiff's Complaint.

10.     WHEREFORE, Defendant, ConAgra Foods, respectfully requests that the above-captioned action, now pending in the Superior Court for the District of Columbia, be removed to the District Court for the District of Columbia, and that said District Court assume jurisdiction of this action and enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

Respectfully submitted,

CONAGRA FOODS, INC.

By Counsel

Amy Miller (DC Bar No. 473517)
1750 Tysons Boulevard, Suite 1800
McLean, VA 22102-4215
(703) 712-5079
(703) 712-5193 (facsimile)
amiller@mcguirewoods.com

Jessica E. Morrison (DC Bar No. 479482)
McGuireWoods LLP
7 Saint Paul Street
Suite 1000
Baltimore, Maryland 21202-1671
(410) 659-4542
(410) 659-4540 (facsimile)
jmorrison@mcguirewoods.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Notice of Removal was mailed, postage prepaid, to Eric F. Rosenberg, 5402 Kenilworth Avenue, Riverdale, MD 20737, counsel for Plaintiff, this 1st day of July, 2008.

Amy Miller

\6362652.3



JUN 1 2 2008

**CORPORATION SERVICE COMPANY®**

## Notice of Service of Process

LDD / ALL
Transmittal Number: 5835272
Date Processed: 06/11/2008

| | |
|---|---|
| Primary Contact: | Leo A. Knowles, 1-370<br>Conagra Foods, Inc.<br>One Conagra Drive<br>Omaha, NE 68102-5001 |
| Copy of transmittal only provided to: | Sherry Benton 1-370 |

| | |
|---|---|
| Entity: | ConAgra Foods, Inc.<br>Entity ID Number 0246636 |
| Entity Served: | ConAgra Foods |
| Title of Action: | Louise H. Riley vs. ConAgra Foods |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Wrongful Death |
| Court: | Superior Court - Civil Division, District Of Columbia |
| Case Number: | 2008 CA 002895 B |
| Jurisdiction Served: | District Of Columbia |
| Date Served on CSC: | 06/11/2008 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Plaintiff's Attorney: | Eric F. Rosenberg<br>301-864-2900 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

EXHIBIT
1



JUN 1 2 2008

**CORPORATION SERVICE COMPANY®**

## Notice of Service of Process

LDD / ALL
Transmittal Number: 5835272
Date Processed: 06/11/2008

| | |
|---|---|
| **Primary Contact:** | Leo A. Knowles, 1-370<br>Conagra Foods, Inc.<br>One Conagra Drive<br>Omaha, NE 68102-5001 |
| **Copy of transmittal only provided to:** | Sherry Benton 1-370 |

| | |
|---|---|
| **Entity:** | ConAgra Foods, Inc.<br>Entity ID Number 0246636 |
| **Entity Served:** | ConAgra Foods |
| **Title of Action:** | Louise H. Riley vs. ConAgra Foods |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Wrongful Death |
| **Court:** | Superior Court - Civil Division, District Of Columbia |
| **Case Number:** | 2008 CA 002895 B |
| **Jurisdiction Served:** | District Of Columbia |
| **Date Served on CSC:** | 06/11/2008 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Plaintiff's Attorney:** | Eric F. Rosenberg<br>301-864-2900 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

**EXHIBIT**
**2**

tabbies®



## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

LOUISE H RILEY
    Vs.

CONAGRA FOODS, A DELAWARE CORATION

C.A. No.    2008 CA 002895 B

## INITIAL ORDER AND ADDENDUM

    Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

    (1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

    (2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

    (3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

    (4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

    (5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge JENNIFER M ANDERSON
Date:  April 14, 2008
Initial Conference: 9:30 am, Friday, July 18, 2008
Location:  Courtroom A-50
        515 5th Street N.W.
        WASHINGTON, DC 20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.



Chief Judge Rufus G. King, III

Caio.doc

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001  Telephone: 879-1133

| | |
|---|---|
| Louise H. Riley, et al. | |
| *Plaintiff* | |

**08—0002895**

vs.

Civil Action No. [                    ]

| |
|---|
| ConAgra Foods |
| *Defendant* |

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government  you have 60 days after  service  of this summons to serve your Answer. A copy of the Answer must be mailed  to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below**.   If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays.  You may file the original Answer  with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff  If you fail to file an Answer, judgment  by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| | |
|---|---|
| Eric F. Rosenberg | |
| Name of Plaintiff's Attorney | By _____ |
| 5402 Kenilworth Avenue | *Deputy Clerk* |
| Address | |
| Riverdale, MD 20737 | |
| 301-864-2900 | Date  APR 1 4 2008 |
| Telephone | |

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS  FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-458/Mar. 96

NOTE:  SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

APR 1 7 2008

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

Ms. Louise H. Riley, Individually and as
Personal Representative of the Estate of
James Lewis Turley
3238 13th Street, S.E., #102
Washington, D.C. 20032

     **Plaintiff**

     08-0002895

  **v.**       **Case No. _____**

        *

ConAgra Foods, a Delaware Corporation
One Central Park Plaza    *
Omaha, NE 68012

        *

Serve Resident Agent:
Prentice Hall Corporation System, Inc. *
1090 Vermont Avenue, N.W.
Washington D.C. 20005    *

    **Defendant**  *

### COMPLAINT
#### (Product Liability – Strict Liability, Negligence, Wantonness)

  Plaintiff, by and through Eric F. Rosenberg and the Law Offices of Rosenberg &

Fayne, LLP, sues the Defendant and for a cause of action alleges as follows:

  1. Jurisdiction of this Court is founded upon D.C. Code 11-921, <u>et seq.</u> (2001

Edition, as supplemented).

  2. James Lewis Turley was a resident citizen of United States and the District of

Columbia when he died on April 14, 2007.

  3. This action is brought pursuant to the District of Columbia Survival Act,

Section 12-101 (1981 Edition as amended) and pursuant to the District of Columbia

1

Wrongful Death Statute, Section 16-2701, et seq. of the D.C. Code (1981 Edition as amended).

3. Plaintiff is the Personal Representative of the Estate of James Lewis Turley and the natural daughter of James Lewis Turley. She is an adult citizen of the United States and a resident of the District of Columbia.

4. Plaintiff has applied for letters of administration for the Estate of James Lewis Turley, case number 2008 ADM 0000366 and she is a person entitled to bring this lawsuit on behalf of the decedent.

5. Upon information and belief, Defendant, ConAgra Foods, Inc., is a Delaware Corporation with its principal office located in Omaha, Nebraska. Con Agra is and was at all times material hereto conducting business within the confines Washington D.C., and therefore within this judicial district. Service of process may be perfected upon Defendant, Con Agra Foods, Inc., through its registered agent for service of process, the Prentice Hall Corporation System, Inc. which is located at 1090 Vermont Avenue, N.W., Washington D.C. 20005.

6. On February 14, 2007, the U.S. Food and Drug Administration issued a warning to consumers instructing them not to consume peanut butter from jars of the brand "Peter Pan" and "Great Value" with product codes which began with 2111.

7. Defendant, Con Agra, recalled all jars of "Peter Pan" and "Great Value" peanut butter beginning with product code 2111 that had been distributed as of the date of the FDA warning. Said recall and consumer warning was issued due to contamination of the subject peanut butter with Salmonella Tennessee, a bacterium which causes food borne illness.

2

8.  This Court has general personal jurisdiction over Defendant, Con Agra, pursuant to D.C. Code § 13-423, because it conducted systematic and continuous business activities in and throughout the District of Columbia by advertising, marketing, distributing, and selling peanut butter to the Plaintiffs who are citizens of the District of Columbia, and because it caused tortuous injury in the District of Columbia by an act or omission outside the District of Columbia.

9.  Defendant, Con Agra Foods, Inc., is and was at all times material hereto engaged in the manufacture, marketing, distribution and sales of peanut butter sold as "Peter Pan" and "Great Value" peanut butter.  The subject peanut butter was manufactured at the Defendant's single peanut butter plant located in Sylvester, Georgia.

10.  In January or February of 2007, James Lewis Turley purchased "Peter Pan" peanut butter with a product code of either 211162650007030 or 211102650007030 (the product code is partially illegible).

11.  During a course of days in January and February 2007, James Lewis Turley consumed the afore referenced Peter Pan peanut butter while living in District of Columbia.  After consumption, James Lewis Turley began to experience abdominal pain, vomiting, fever, and nausea which progressively worsened.  After the continuation of these ailments over several days, Plaintiff eventually sought medical care.

12.  During the course of James Lewis Turley's medical treatment, it was discovered that he had contracted a blood infection.

13.  As a result of consuming the tainted Peter Pan peanut butter James Lewis Turley died on April 14, 2007 of sepsis from E. Coli. and VRE Bactiremia, and complications therefrom.

3

14. Plaintiff avers that the jar of peanut butter was contaminated with E. Coli. therein.

## COUNT ONE

### NEGLIGENCE

15. Plaintiff, by and through her attorneys, realleges and incorporates herein, as if set forth in full, each and every previous allegation contained in the preceding paragraphs and further alleges as follows:

16. At all times relevant, Con Agra had a duty to exercise reasonable care in the manufacturing, packaging, distribution and sale of its peanut butter, including the duty to ensure that its peanut butter was not unreasonably dangerous to consumers due to contamination with E. Coli. bacteria.

17. ConAgra knew or through the exercise of reasonable care should have known that if its peanut butter was not properly manufactured, processed, packaged, distributed and sold, such peanut butter was likely to be contaminated with E. Coli. and therefore unreasonably dangerous to consumers including but not limited to the Plaintiffs.

18. ConAgra breached its duties by failing to exercise ordinary care in the manufacturing, processing, packaging, distribution and sale of its peanut butter and manufactured, distributed and sold peanut butter contaminated with E. Coli. Bacteria..

19. As a direct and proximate result of the negligence of Defendant, James Lewis Turley sustained injuries to his person which directly resulted in his death and caused him to suffer from conscious pain and suffering of both body and mind. In addition, the Estate of James Lewis Turley suffered a financial loss in the form of past,

4

present and future earnings and income; medical expenses; funeral and burial expenses; out-of-pocket expenses; and attorneys fees; and it has and will continue to be otherwise damaged.

WHEREFORE, Plaintiff, Louise H. Riley, Personal Representative of the Estate of James Lewis Turley, requests judgment against the Defendant in the amount of FIVE MILLION DOLLARS ($5,000,000.00) for economic and non-economic damages plus costs and interest from the date this cause of action accrued; attorneys fees incurred herein; and any additional relief as the Court may deem appropriate.

## COUNT II

## STRICT LIABILITY

20. Plaintiff, by and through her attorneys, realleges and incorporates herein, as if set forth in full, each and every previous allegation contained in the preceding paragraphs and further alleges as follows:

21. ConAgra is engaged in the business of manufacturing, processing, packaging, distributing and selling products to consumers, including "Peter Pan" brand peanut butter and "Great Value" brand peanut butter.

22. ConAgra manufactured and placed into the stream of commerce the jars of "Peter Pan" brand peanut butter and the jars of "Great Value" brand peanut butter carrying a product code beginning with "2111" on the jar lid.

23. The peanut butter manufactured, packaged, distributed and sold by ConAgra is a "ready-to-eat" product that is intended and expected to be eaten without being first cooked or heated.

24.  At the time the subject peanut butter left ConAgra's control and was placed into the stream of interstate commerce, jars of "Peter Pan" brand and "Great Value" brand peanut butter gearing the product code "2111" on the jar lid were defective and unreasonably dangerous because they were contaminated with E. Coli.  Therefore, said peanut butter was not safe for normal handling and consumption, the intended and expected use of which the peanut butter was sold.

25.  The jars of "Peter Pan" brand and the jars of "Great Value" brand peanut butter bearing the product code "2111" on the jar lid were expected to and did reach the Plaintiffs without a substantial change in the condition in which they were sold.

26.  Plaintiffs could not by the exercise of reasonable care have discovered that the peanut butter they purchased and consumed was contaminated with E. Coli and hence unreasonably dangerous.

27.  The defective and unreasonably dangerous condition (Salmonella contamination) of the jars of "Peter Pan" brand and "Great Value" brand peanut butter bearing the product code "2111" on the jar lid was the direct and proximate cause of the damages and injuries suffered by Plaintiff as set forth herein.

28.  As a result of Defendant's said wrongful conduct, James Lewis Turley sustained injuries to his person which directly resulted in his death and caused him to suffer from conscious pain and suffering of both body and mind, and the Defendant should be held liable therefore.  In addition, the Estate of James Lewis Turley suffered a financial loss in the form of past, present and future earnings and income; medical expenses; funeral and burial expenses; out-of-pocket expenses; and attorneys fees; and it has and will continue to be otherwise damaged. Defendant should beheld liable therefore.

WHEREFORE, Plaintiff, Louise H. Riley, Personal Representative of the Estate of James Lewis Turley, requests judgment against the Defendant in the amount of FIVE MILLION DOLLARS ($5,000,000.00) for economic and non-economic damages plus costs and interest from the date this cause of action accrued; attorneys fees incurred herein; and any additional relief as the Court may deem appropriate.

## COUNT III

### PUNITIVE DAMAGES CLAIM

29.  Plaintiff, by and through her attorneys, realleges and incorporates herein, as if set forth in full, each and every previous allegation contained in the preceding paragraphs and further alleges as follows:

30.  Defendant has a history of failing to meet the minimum requirements placed upon a manufacturer of foodstuffs and allowing the distribution of contaminated foods to the public at large, to wit:

A.  In July 2002, nineteen million pounds of ground beef and beef products were recalled when individuals became ill after ingesting meat packaged at a Colorado facility operated by the Defendant.

B.  In December 2002, a recall of thirty-six thousand pounds of chicken product was instituted after it revealed that the products may be contaminated by plastic.

C.  In June 2003, one hundred twenty-nine thousand pounds of chicken was recalled due to concerns that the chicken products may contain glass.

7

D. In December 2005, nearly three million pounds of pre-packaged luncheon meat and cracker products were recalled when it was revealed that possible listeria contamination may be present.

E. In February 2007, more than four hundred thousand pounds of pasta and meatballs meals were recalled due to concerns related to possible under-processing of the products by the Defendant.

31. In October of 2004, Salmonella contamination was found in Defendant's processed peanut butter manufactured at its same plant in Sylvester, Georgia and thereafter Defendant failed to take appropriate actions to prevent the subsequent Salmonella contamination of its peanut butter products which were part of the recall of February, 2007.

32. Defendant's pattern of behavior exemplifies a wanton disregard for the safety and well being of the public throughout its manufacturing processes, which has manifested itself in the injuries and death of James Lewis Turley.

Defendant's conduct was willful, deliberate and reckless and supports an award of punitive damages.

As a result of Defendant's wanton conduct, James Lewis Turley sustained injuries to his person which directly resulted in his death and caused him to suffer from conscious pain and suffering of both body and mind, and Defendant should be held liable therefore. In addition, the Estate of James Lewis Turley suffered a financial loss in the form of past, present and future earnings and income; medical expenses; funeral and burial expenses; out-of-pocket expenses; and attorneys fees; and it has and will continue to be otherwise damaged. Defendant should be held liable therefore.

WHEREFORE, Plaintiff, Louise H. Riley, Personal Representative of the Estate

of James Lewis Turley, requests judgment against the Defendant in the amount of FIVE

MILLION DOLLARS ($5,000,000.00) for economic and non-economic damages; an

award of punitive damages to Plaintiffs in an amount which the jury determines to be

adequate to punish the Defendant for their wanton and gross behavior which endangered

the health of the general public, including the Plaintiff's decedent; plus costs and interest

from the date this cause of action accrued; attorneys fees incurred herein; and any

additional relief as the Court may deem appropriate.

Respectfully submitted

Rosenberg & Fayne, L.L.P.

By: *Eric S. Rosenberg*

Eric F. Rosenberg
Bar No. 446215
Attorney for the Plaintiff
5402 Kenilworth Avenue
Riverdale, MD 20737
(301) 864-2900
erosenberg@rosenberg-fayne.com

Of Counsel:
(To Be Admitted Pro Hac Vice)
Cory, Watson, Crowder & DeGaris, P.C.
G. Rick DiGiorgio, Esq.
Douglas A. Dellaccio, Jr., Esq.
2131 Magnolia Avenue
Birmingham, AL 35205
205-328-2200
205-324-7896 fax
rdigiorgio@cwcd.com
ddellaccio@cwcd.com

9

## JURY DEMAND

Plaintiff demands a trial by jury on all issues herein.


Eric F. Rosenberg




$ 005.66⁰
02 1P
0003825700 JUN 05 2008
MAILED FROM ZIP CODE 20737



CERTIFIED MAIL

7005 1820 0007 5458 3252

Rosenberg & Fayne, L.L.P.
5402 Kenilworth Avenue
Riverdale, Maryland 20737



Prentice Hall Corporation System, Inc.
1090 Vermont Avenue, N.W.
Washington, D.C. 20005

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LOUISE RILEY, Individually and as<br>   Personal Representative of the Estate<br>   of James Lewis Turley,<br><br>              Plaintiff,<br><br>v.<br><br>CONAGRA FOODS,<br><br>              Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. 2008 002895 B
Judge Jennifer M. Anderson

## NOTICE OF FILING OF NOTICE OF REMOVAL

Defendant, ConAgra Foods, Inc. (improperly named in Plaintiff's Complaint as "ConAgra Foods"), by counsel and pursuant to 28 U.S.C. § 1446, hereby files this Notice of Removal to inform the Court that Defendant has removed the above-styled case, pursuant to 28 U.S.C. §§ 1331 and 1332, from this Court to the United States District Court for the District of Columbia. A true and correct copy of the Notice of Removal is attached hereto as Exhibit A.

WHEREFORE, Defendant requests that this Court note the removal of the suit and, pursuant to 28 U.S.C. § 1446(d), "proceed no further unless and until the case is remanded."

Respectfully submitted,

CONAGRA FOODS, INC.

By Counsel
_____/s/  Amy Miller_____
Amy Miller (DC Bar No. 473517)
1750 Tysons Boulevard, Suite 1800
McLean, VA 22102-4215
(703) 712-5079
(703) 712-5193 (facsimile)
amiller@mcguirewoods.com

EXHIBIT
3

Jessica E. Morrison (DC Bar No. 479482)
McGuireWoods LLP
7 Saint Paul Street
Suite 1000
Baltimore, Maryland 21202-1671
(410) 659-4542
(410) 659-4540 (facsimile)
jmorrison@mcguirewoods.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Notice of Filing of

Notice of Removal was mailed, postage prepaid, to Eric F. Rosenberg, 5402 Kenilworth

Avenue, Riverdale, MD 20737, counsel for Plaintiff, this 1st day of July 2008.


                               \_\_\_\_/s/  Amy Miller_____
                               Amy Miller

\6375664.2

# UNITED STATES
# SECURITIES AND EXCHANGE COMMISSION
### WASHINGTON, D.C. 20549

## FORM 10-Q

**(Mark One)**

☒   **QUARTERLY REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934**

**For the quarterly period ended February 24, 2008**

**OR**

☐   **TRANSITION REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934**

**For the transition period from _____ to _____**

**Commission File Number: 1-7275**

# CONAGRA FOODS, INC.
#### (Exact name of registrant as specified in charter)

**Delaware**
**(State or other jurisdiction of
incorporation or organization)**

**47-0248710**
**(I.R.S. Employer
Identification No.)**

**One ConAgra Drive, Omaha, Nebraska**
**(Address of principal executive offices)**

**68102-5001**
**(Zip Code)**

**(402) 595-4000**
**(Registrant's telephone number, including area code)**

**(Former name, former address and former fiscal year, if changed since last report)**

Indicate by check mark whether the registrant (1) has filed all reports required to be filed by Section 13 or 15(d) of the Securities Exchange Act of 1934 during the preceding 12 months (or for such shorter period that the registrant was required to file such reports), and (2) has been subject to such filing requirements for the past 90 days.   Yes ☒   No ☐

Indicate by check mark whether the registrant is a large accelerated filer, an accelerated filer, or a non-accelerated filer. See definition of "accelerated filer and large accelerated filer" in Rule 12b-2 of the Exchange Act. (Check one):

Large accelerated filer ☒   Accelerated filer ☐   Non-accelerated filer ☐

Indicate by check mark whether the registrant is a shell company (as defined in Rule 12b-2 of the Exchange Act).   Yes ☐   No ☒

Number of shares outstanding of issuer's common stock, as of March 23, 2008, was 487,624,133.

EXHIBIT
4

**CIVIL COVER SHEET**

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|

I (a) PLAINTIFFS

Louise H. Riley, Individually and as Personal
Representative of the Estate of James Lewis Turley

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    11001
(EXCEPT IN U.S. PLAINTIFF CASES)

DEFENDANTS

ConAgra Foods, Inc.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)    88888
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Eric F. Rosenberg
Rosenberg & Fayne, L.L.P.
5402 Kenilworth Avenue
Riverdale, Maryland 20737
301-864-2900

ATTORNEYS (IF KNOWN)

Amy Miller
McGuireWoods LLP
1750 Tysons Boulevard, Suite 1800
McLean, Virginia 22102
703-712-5079

| II. BASIS OF JURISDICTION | III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX |
|---|---|

II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government
Plaintiff

○ 2 U.S. Government
Defendant

○ 3 Federal Question
(U.S. Government Not a Party)

⊙ 4 Diversity
(Indicate Citizenship of
Parties in item III)

III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ⊙ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ⊙ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

**IV.  CASE ASSIGNMENT AND NATURE OF SUIT**

(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

| ○ A. *Antitrust* | ○ B. *Personal Injury/ Malpractice* | ○ C. *Administrative Agency Review* | ○ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☒ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

| ○ E. *General Civil (Other)* | OR | ○ F. *Pro Se General Civil* |
|---|---|---|

| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| **G. Habeas Corpus/ 2255** | **H. Employment Discrimination** | **I. FOIA/PRIVACY ACT** | **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| **K. Labor/ERISA (non-employment)** | **L. Other Civil Rights (non-employment)** | **M. Contract** | **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ☉ 1 Original Proceeding
- ☉ 2 Removed from State Court
- ☉ 3 Remanded from Appellate Court
- ☉ 4 Reinstated or Reopened
- ☉ 5 Transferred from another district (specify)
- ☉ 6 Multi district Litigation
- ☉ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 U.S.C. §§1441, 1446 and 1332. Plaintiff filed a cause of action alleging product liability as a result of negligence, strict liability and wantonness.

| **VII. REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ 5,000,000.00+ JURY DEMAND: | Check YES only if demanded in complaint<br>YES ☒   NO ☐ |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE *July 1, 2008*   SIGNATURE OF ATTORNEY OF RECORD  *Amy Nulle*

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_Louise H. Riley, et al_

Plaintiff

v.

Civil Action No.   **08 1155**

JUL - 1 2008

_ConAgra Foods_

Defendant

The above entitled action, removed from the Superior Court for the District of Columbia,

ELLEN SEGAL HUVELLE, ESH

has been filed and assigned to Judge _____. All counsel and/or pro se

litigants must include on any subsequent pleadings both the civil action number and the initials

of the judge assigned to this action.  (See preceding sentence for judge's initials).

Pursuant to Local Rule 83.2(a)(b), an attorney must be a member in good standing of the

bar of this Court to appear, file papers or practice.  To assist the Clerk's Office in properly

recording all counsel of record, counsel for all parties must enter their appearance in accordance

with our Local Rule 83.6(a).  Timely compliance with this requirement will enable the Clerk's

Office to ensure prompt delivery of notices and orders.

Finally, your attention is called to Local Rule 16.3, Duty to Confer.  This rule clearly

spells out the duty of counsel, as well as pro se litigants, to confer and report back to the Court

on a wide range of questions.

NANCY MAYER-WHITTINGTON, CLERK

By _____
(Deputy Clerk

: ERIC ROSENBERG

929A
Rev. 7/02