IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LOUISE RILEY, Individually and as Personal Representative of the Estate of James Lewis Turley, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 1:08-CV-01155-ESH ) |
| CONAGRA FOODS, | ) ) ) |
| Defendant. | ) |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

ConAgra Foods, Inc. (improperly sued as "ConAgra Foods") (hereafter "Defendant" or "ConAgra"), by counsel, responds to Plaintiff's Complaint in the above-captioned case as follows:

## ANSWER

1. Paragraph 1 states a legal conclusion to which no response is required. To the extent that a response is required, ConAgra denies the allegation set forth in Paragraph 1.

2. Defendant lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 and, as a result, denies the same.

3. There are two paragraphs numbered as 3 in the Complaint. Answering the first Paragraph 3, Defendant states that it contains a legal conclusion to which no response is required. To the extent that a response is required, ConAgra denies the allegations set forth in the first Paragraph 3. Answering the second Paragraph 3, Defendant lacks information sufficient to form a belief as to the truth of the allegations set forth in the second Paragraph 3 and, as a result, denies the same.

4.      Defendant lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 and, as a result, denies the same. Defendant demands strict proof of Plaintiff's qualification as Personal Representative of the Estate of James Lewis Turley and entitlement to bring this suit.

5.      Defendant admits that it is a corporation organized under the laws of Delaware; that its principal office is located in Omaha, Nebraska; that its registered agent in the District of Columbia is the Prentice Hall Corporation System, Inc., 1090 Vermont Avenue, N.W., Washington, D.C. 20005; and that some of its products are sold in the District of Columbia. The remaining allegations set forth in Paragraph 5 are denied.

6.      ConAgra admits that on February 14, 2007, the U.S. Food and Drug Administration issued a press release regarding ConAgra's voluntary recall of Peter Pan and certain Great Value peanut butter, the specific terms of which are evident in the release. ConAgra denies that the allegations of Paragraph 6 of the Complaint accurately and comprehensively restate the terms of that release and denies all allegations contained in Paragraph 6 that are inconsistent with it. Defendant specifically denies that the numbers "2111" refer to any specific lot or batch.

7.      ConAgra admits that certain tests have found some *Salmonella tennessee*, a bacterium that may cause food-borne illness, in certain limited jars of Peter Pan and Great Value peanut butter, though ConAgra believes that the scope of any such contamination is limited. ConAgra further admits that on February 14, 2007, and April 5, 2007, it issued press releases regarding the voluntary recall of Peter Pan and certain Great Value peanut butter, the specific terms of which are evident in those releases. ConAgra denies that the allegations of Paragraph 7 of the Complaint accurately and

comprehensively restate the terms of those releases and denies all allegations contained in Paragraph 7 that are inconsistent with them.  Defendant specifically denies that the numbers "2111" refer to any specific lot or batch.  ConAgra denies all remaining allegations in Paragraph 7.

       8.      Paragraph 8 states a legal conclusion to which no response is required.  To the extent that a response is required, ConAgra admits that some of its products are sold in the District of Columbia but denies the remaining allegations set forth in Paragraph 8.

       9.      ConAgra admits that it manufactures and distributes various food products, including peanut butter under the brand names "Peter Pan" and "Great Value."  ConAgra further admits that its peanut butter is manufactured at a plant located in Sylvester, Georgia.  Except as expressly admitted, the allegations of Paragraph 9 of the Complaint are denied.

      10.      Defendant lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 and, as a result, denies the same.

      11.      Defendant lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 and, as a result, denies the same.  Defendant expressly denies that James Lewis Turley's alleged consumption of Peter Pan peanut butter was the proximate cause of his alleged illness, his eventual death, or Plaintiff's alleged damages.

      12.      Defendant lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 and, as a result, denies the same.

      13.      Defendant denies the allegations set forth in Paragraph 13.

      14.      Defendant denies the allegations set forth in Paragraph 14.

## COUNT ONE
## NEGLIGENCE

15. Defendant repeats the responses contained in Paragraphs 1–14 as if fully set forth herein.

16. The allegations of Paragraph 16 constitute legal conclusions to which no response is required. To the extent that a response is required, ConAgra denies those allegations.

17. ConAgra denies the allegations set forth in Paragraph 17.

18. ConAgra denies the allegations set forth in Paragraph 18.

19. ConAgra denies the allegations set forth in Paragraph 19.

ConAgra denies that the Plaintiff is entitled to any of the relief requested in the "Wherefore" paragraph following Paragraph 19 of the Complaint, or any relief whatsoever.

## COUNT TWO
## STRICT LIABILITY

20. Defendant repeats each and every previous response as if fully set forth herein.

21. ConAgra admits that it manufactures and distributes various food products, including peanut butter under the brand names "Peter Pan" and "Great Value." Except as expressly admitted, the allegations of Paragraph 21 are denied.

22. ConAgra admits the allegations set forth in Paragraph 22 but denies that the numbers "2111" refer to any specific lot or batch.

23.     ConAgra admits that the peanut butter manufactured and distributed by it is a "ready-to-eat" product that may be consumed without being heated or cooked. Except as expressly admitted, the allegations set forth in Paragraph 23 are denied.

24.     Defendant denies the allegations set forth in Paragraph 24.

25.     Defendant lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 and, as a result, denies the same.

26.     Defendant denies the allegations set forth in Paragraph 26.

27.     Defendant denies the allegations set forth in Paragraph 27.  Defendant further denies that the numbers "2111" refer to any specific lot or batch.

28.     Defendant denies each and every allegation set forth in Paragraph 28.

ConAgra denies that Plaintiff is entitled to any of the relief requested in the "Wherefore" paragraph following Paragraph 28 of the Complaint, or any relief whatsoever.

## COUNT THREE
## PUNITIVE DAMAGES CLAIM

29.     Defendant repeats each and every previous response as if fully set forth herein.

30.     ConAgra admits that it routinely monitors, in conjunction with regulatory agencies, its food products and, when deemed prudent, recalls them upon notice of potential contamination or other possible food safety problems.  ConAgra denies that the allegations of Paragraph 30 of the Complaint, including all subparts (A through E), accurately or comprehensively restate the specific reasons prompting various recalls or the specific details concerning those recalls, and ConAgra denies any allegations set forth in Paragraph 30 of the Complaint that are not consistent with its releases detailing the

various recalls referenced in Paragraph 30 of the Complaint.  ConAgra denies any remaining allegations in this paragraph not expressly admitted herein.

31.  Defendant admits that in October 2004, it detected the presence of some *Salmonella* in limited quantities and that it destroyed, before release to the public, the product that it determined might reasonably have been affected.  Defendant denies each and every remaining allegation set forth in Paragraph 31.

32.  Defendant denies the allegations set forth in Paragraph 32 and expressly denies that James Lewis Turley's alleged consumption of Peter Pan peanut butter was the proximate cause of his alleged illness, his eventual death, or Plaintiff's alleged damages.

Defendant denies the allegations set forth in the two unnumbered paragraphs immediately following Paragraph 32.  Defendant specifically denies that James Lewis Turley's alleged consumption of Peter Pan peanut butter was the proximate cause of his alleged illness, his eventual death, or Plaintiff's alleged damages and demands strict proof of all damages.

ConAgra denies that Plaintiff is entitled to any of the relief requested in the "Wherefore" paragraph following Paragraph 32, or any relief whatsoever.

## AFFIRMATIVE DEFENSES

ConAgra, by counsel, reserves the right to rely upon the following affirmative defenses to the claims asserted in Plaintiff's Complaint to the extent supported by evidence later developed or facts later learned, without now assuming the burden of proof on any such defense that would otherwise rest on Plaintiff and with the reservation of its right to amend or supplement its responses to Plaintiff's Complaint, as well as its affirmative defenses, as information is gathered through discovery:

1. Plaintiff's Complaint fails in whole or in part to state a claim upon which relief can be granted.

2. ConAgra denies that Plaintiff was injured to the extent alleged and calls for strict proof thereof.

3. Plaintiff is not entitled to the damages claimed as a matter of law.

4. Plaintiff is not a person entitled to sue under D.C. Code §§ 16-2701 (1981), 16-2702 (1973), or 12-101 (1973).

5. Plaintiff's claims may be preempted by applicable state or federal law.

6. Plaintiff is estopped from pursuing further relief in this action against ConAgra to the extent that she proceeds with prosecution of any other class, consolidated, or individual action in any jurisdiction against ConAgra, including but not limited to those certain actions instituted prior or subsequent to this action.

7. Plaintiff's alleged injuries and damages were due to, and proximately caused by, in whole or in part, other events, conditions, instrumentalities, products, and/or acts or omissions of an individual or entity over whom or which ConAgra exercised no control.

8. The negligence of others, over whom ConAgra exercises no control, was a, or the sole, proximate cause of Plaintiff's alleged injuries.

9. Plaintiff's alleged injuries and damages were due to, and proximately caused by, in whole or in part, a preexisting, intervening, or superseding injury, illness, condition, or other cause.

10. Plaintiff's decedent's death was the result of natural health processes and would have occurred just as it did irrespective of ConAgra's actions or conduct.

11.     The negligence of Plaintiff's decedent and his failure to use the degree of care that would have been used by ordinary, reasonable, and prudent persons under the same or similar circumstances was a, or the sole, proximate cause of his death and Plaintiff's alleged injuries.  ConAgra affirmatively alleges that Plaintiff's claims are barred by the doctrine of contributory negligence.

12.     At all material times, ConAgra acted with due care and complied with applicable statutory, regulatory, and common law requirements.  Accordingly, some or all of Plaintiff's claims are or may be barred by ConAgra's compliance with all applicable state, federal, and local laws and regulations.

13.     ConAgra's product conformed to the state of the art for the design and manufacture of similar products at all times relevant to this litigation.

14.     ConAgra's product was not unreasonably dangerous, given the state of knowledge regarding such products.

15.     In the event that a judgment is entered in favor of Plaintiff, ConAgra is entitled to a setoff against any damages awarded to Plaintiff for any and all payments made by any collateral source, including any funds paid in settlement on behalf of other joint tortfeasors and settling parties.

16.     Some or all of Plaintiff's claims are not properly before this Court because of the doctrine of primary jurisdiction.  This Court should abstain and defer to the jurisdiction of public agencies, including but not limited to the U.S. Food and Drug Administration and applicable state agencies.

17.     Any award of punitive damages against Defendant in this matter based on Defendant's conduct outside of this jurisdiction would impose unreasonable state

limitations on interstate commerce in violation of the Commerce Clause of the United States Constitution and would be in violation of the U.S. Supreme Court's holding in *State Farm v. Campbell,* 538 U.S. 408 (2003).

      18.     Any award of punitive damages against Defendant in this matter would violate Defendant's guarantees of due process, equal protection, property, and protection against excessive fines under the Fourteenth Amendment to the United States Constitution and under applicable law of this jurisdiction.

      19.     Punitive damages may not be awarded:

    (a)    Without proof of every element beyond a reasonable doubt or, in the alternative, without proof by clear convincing evidence;

    (b)    Without bifurcating the trial of all punitive issues, including punitive liability;

    (c)    With no limits, including the maximum amount that a jury may impose in this jurisdiction;

    (d)    With no limits, including the constitutional prohibition against punitive damages awards being greater than a single-digit multiplier of any compensatory damages award, *see State Farm v. Campbell*, 538 U.S. 408 (2003);

    (e)    Which improperly compensates Plaintiff for elements of damage not otherwise recognized under the laws of this jurisdiction;

    (f)    Without standards of sufficient clarity for determining the appropriateness of the size of the award;

    (g)    Without consideration of the three constitutional guideposts of reprehensibility, ratio, and civil penalties, *see id.*;

    (h)    Without appropriate instructions on the limits of punitive damages imposed by the applicable principles of deterrence and punishment;

    (i)    Under a vague and arbitrary standard that does not define the necessary conduct or mental state required for punitive damages; and

    (j)  Without judicial review on the basis of objective standards, including the three constitutional guideposts of reprehensibility, ratio, and civil penalties.  *See id*.

  20. Any award of punitive damages against Defendant in this matter would violate Defendant's guarantees of due process and protection against double jeopardy, excessive fines, and multiple punishments under the Fifth and Fourteenth Amendments to the United States Constitution and under applicable law of this jurisdiction, since Defendant is subject to multiple punitive awards for the same alleged wrong or conduct.

  21. Any award of punitive damages against Defendant in this matter based upon a single course of conduct or enterprise for which punitive damages have already been imposed would constitute unreasonable state limitations on interstate commerce in violation of the Commerce Clause of the United States Constitution.

  22. Plaintiff's claim for punitive damages is barred to the extent that it seeks to impose punitive damages on Defendant for conduct allegedly directed toward non-parties.

  23. Any calculation or award of punitive damages against ConAgra based in whole or in part upon its alleged conduct toward non-parties is unconstitutional and constitutes a taking of ConAgra's property without due process.  *Philip Morris U.S.A. v. Williams*, 127 S. Ct. 1057 (2007).

  23. ConAgra reserves the right to raise any additional defenses as may be revealed by discovery or investigation in this matter.

## DEMAND FOR JURY TRIAL

ConAgra respectfully requests trial by jury of all issues so triable.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant, ConAgra Foods, Inc., prays that this Court dismiss the Complaint with costs and grant such other and further relief as the Court may deem just and proper.

>Respectfully submitted,
>
>CONAGRA FOODS, INC.
>
>By Counsel
>
>/s/   Amy Miller
>Amy Miller (DC Bar No. 473517)
>McGuireWoods LLP
>1750 Tysons Boulevard, Suite 1800
>McLean, Virginia  22102-4215
>(703) 712-5079
>(703) 712-5193 (facsimile)
>amiller@mcguirewoods.com
>
>Jessica E. Morrison (DC Bar No. 479482)
>McGuireWoods LLP
>7 Saint Paul Street
>Suite 1000
>Baltimore, Maryland 21202-1671
>(410) 659-4542
>(410) 659-4540 (facsimile)
>jmorrison@mcguirewoods.com
>
>Attorneys for Defendant ConAgra Foods, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of July, 2008, I electronically filed Defendant's Answer and Affirmative Defenses with the Clerk of Court using the Court's CM/ECF system and mailed a copy of the foregoing via First Class Mail, postage prepaid, to the following non-filer user:

Eric R. Rosenberg
Rosenberg & Fayne, L.L.P.
5402 Kenilworth Avenue
Riverdale, MD  20737
*Attorney for Plaintiff*

/s/  Amy Miller
Amy Miller

\6383557.2